UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| BONNY LOU BUZZELL HUTCHINS, )<br>)<br>    Plaintiff, )<br>)<br>       v. )<br>)<br>MAINE STATE HOUSING, and )<br>)<br>UNITED STATES PROBATION )<br>AND PRETRIAL SERVICES, )<br>)<br>    Defendants. ) | 1:14-cv-00491-JAW |

**RECOMMENDED DECISION**

In this action, Plaintiff seeks to recover for damages allegedly resulting from Defendants' conduct related to Plaintiff's housing, and Plaintiff's probation. The matter is before the Court on the Motion to Dismiss of Defendant Probation and Pretrial Services (ECF No. 13), and the Motion to Dismiss of Defendant Maine State Housing (ECF No. 15).[1]

As explained below, following a review of the pleadings, and after consideration of the parties' arguments, the recommendation is that the Court grant the Motion to Dismiss of Defendant Probation and Pretrial Services (ECF No. 13),[2] and grant the Motion to Dismiss of Defendant Maine State Housing Authority (ECF No. 15).

---

[1] The Court referred the motions for report and recommended decision.

[2] In its Motion to Dismiss, Defendant Probation and Pretrial Services requests that the Court substitute the United States as the proper party (Motion to Dismiss, n. 1). Defendant's request (ECF No. 14) is granted. To avoid confusion, however, this Recommended Decision will refer to the Defendant as Probation and Pretrial Services.

## BACKGROUND FACTS

The facts set forth herein are derived from Plaintiff's pleadings, which facts are deemed true when evaluating the motions to dismiss.[3] *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998). In addition, the Court can also consider public records, documents central to Plaintiff's claim, and documents sufficiently referred to in the complaint. *Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001).

### Plaintiff's Allegations

In her form *pro se* complaint, Plaintiff states that her husband committed suicide in 2004 and that she attempted suicide in 2007. As cause for her attempted suicide, Plaintiff states: "because of the owners of my rental, past owners alcoholic neighbors, mental health employee, Verizon, son deployment to the Middle East war." (PageID # 2.) In addition, Plaintiff alleged that her service dog was euthanized when she was incarcerated. As for the cause of her incarceration, Plaintiff faults the United States Probation and Pretrial Services. (*Id.*) She also states, "Court ordered medication." (*Id.*)

On the portion of the complaint reserved for jurisdictional statements, Plaintiff asserts that her husband suffered negative media coverage, employment harassment, and alleged civil rights violations and undisclosed forms of harassment. She also states that he experienced torture by religion while working. As to her own difficulties, Plaintiff cites: "alcoholic neighbors, owner of the apartment building son and ferocious dog, keeping up all night, owner roofer stomping on roof,

---

[3] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate. The alleged facts are recited in the context of the standard of review for a motion to dismiss. The *pro se* Plaintiff has supplemented her Complaint with additional allegations found in her filing in opposition to Defendant Maine State Housing's Motion to Dismiss. (ECF No. 16.) The pleadings of *pro se* plaintiffs are generally interpreted in light of such filings. *Wall v. Dion*, 257 F. Supp. 2d 316, 318 (D. Me. 2003).

court ordered medication, unlawful imprisonment, domestic violence in the church I was attending." (PageID # 4.)

For relief, Plaintiff requests "criminal fines on the defendants" and "justification on three counts of wrongful death." (PageID # 5.) When asked to describe any pertinent prior administrative procedure, Plaintiff asserts "2010 wrongful imprisonment, breaking federal probation, involuntary commitment to mental health facility, 2003 housing discrimination @ womens batter [sic] shelter." (*Id.*)

On January 26, 2015, Defendant Probation and Pretrial Services filed a motion to dismiss (ECF No. 13), in which motion Defendant included jurisdictional and merits-based challenges to Plaintiff's complaint. On January 28, 2015, Defendant Maine State Housing Authority filed a similar motion to dismiss (ECF No. 15).

On February 20, 2015, Plaintiff filed a pleading captioned "Objection, Dismissal on Bonny L. Buzzell, Hutchins V. Maine State Housing Authority" (ECF No. 16). In her filing, Plaintiff relates that she tried to bring about a change in "the state voucher, subsidy housing program and homelessness." (PageID # 55.) Plaintiff apparently maintains that she did not receive reimbursement for a rental deposit and obtained no relief from the Bridging Rental Assistance Program. (*Id.*) Plaintiff also asserts that she can prove that the mental health system is being abused, that her rights have been taken away to protect criminals, and that she has been moved from town to town and state to state. (PageID ## 55-56.) Plaintiff contends that the Housing Authority forced her to live with unsafe conditions, including people under the influence of state hospital medication for a long period of time, forced her to live in towns where shelters were empty, and forced her to remain in undesirable locations when she received her voucher. Plaintiff further alleges that the Housing Authority has separated her family, allowed abuse from strangers

3

and other unnecessary crimes, shredded her file, and abused her every time she called for answers. (PageID # 57.)

### Plaintiff's Underlying Criminal Matter

Plaintiff's incarceration and supervised release were imposed pursuant to a conviction entered by this Court in *United States v. Bonny L Reynolds, a/k/a Bonny Hutchins*. On October 20, 2009, the Court imposed a sentence of 24 months imprisonment and 3 years of supervised release upon Plaintiff's conviction for possession of firearms after having been committed to a mental institution and possession of a firearm with an obliterated serial number. As conditions of the supervised release, the Court required Plaintiff to participate in mental health treatment and to comply with the medication program prescribed by a licensed medical practitioner. (Case No. 1:07-cr-00086-JAW, ECF No. 102, PageID # 219.) Plaintiff's supervision commenced January 12, 2010. (*Id.*, ECF No. 120, PageID # 530.)

On March 1, 2011, Defendant Probation and Pretrial Services petitioned the Court for revocation of Plaintiff's probation based on assertions that she was not compliant with her medication plan. (*Id.*) The Court authorized the issuance of an arrest warrant, and ordered Plaintiff to be temporarily detained pending a hearing on the petition. Following a delay in the effort to obtain a psychiatric examination of Plaintiff,[4] the Court granted Plaintiff's motion for temporary release from detention to facilitate an admission at either the Riverview Hospital or the Dorothea Dix Psychiatric Center. (*Id.*, ECF Nos. 121, 129, 144, 145, 147, 148, 150.) On July 1, 2011, the Government moved to withdraw its petition for revocation, which motion the Court granted. (*Id.*, ECF Nos. 161, 162.)

---

[4] The delay was evidently caused by an attempt to secure an examination by a private provider in Maine rather than through the Federal Bureau of Prisons.

4

On December 20, 2011, Defendant Probation and Pretrial Services petitioned the Court for a compliance hearing, representing that Plaintiff was again noncompliant with her treatment plan. (*Id.*, ECF No. 165.)  After the Court issued an arrest warrant, Plaintiff was arrested on March 14, 2012, and was temporarily detained pending the compliance hearing.  (*Id.*, ECF Nos. 171 – 174, 177.)  At the hearing in March 2012, the Court supplemented the conditions of release to require Plaintiff to comply with treatment at Umbrella Mental Health until Plaintiff was discharged by the supervising officer.  (*Id.*, ECF No. 180, PageID # 599.)

On July 30, 2012, the Government petitioned the Court for revocation of its order of release and for an arrest warrant based on the assertion that Plaintiff engaged in the crimes of Criminal Mischief, Assault on an Officer, Refusing Arrest with Physical Force, and Criminal Threatening. (*Id.*, ECF Nos. 183, 183-1.)  Plaintiff was arrested in connection with the petition on September 27, 2012.  (*Id.*, ECF No. 188.)  On September 28, 2012, the Court issued an order of limited temporary release for Plaintiff to be admitted to the Riverview Hospital or the Dorothea Dix Psychiatric Center for treatment, and for Plaintiff to be returned for a revocation hearing upon completion of the treatment program.  (*Id.*, ECF No. 190.)  On November 5, 2012, the Court conducted a hearing, found that Plaintiff had violated the terms of release, and imposed a two-month sentence and a two-month term of supervised release.  (*Id.*, ECF Nos. 195, 198.)

## DISCUSSION [5]

Both Defendants argue that the Court lacks jurisdiction over Plaintiff's claims.  To assess Defendants' jurisdictional challenge, the Court must accept Plaintiff's factual allegations as true and draw all reasonable inferences in Plaintiff's favor, but must also consider additional

---

[5] In her Complaint, Plaintiff asserts a variety of factual circumstances, which do not appear to be related.  In addition, the relationship between the alleged conduct of the two Defendants is not readily apparent.  Nevertheless, for the purpose of the pending motions, I will assume that the claims and parties are properly joined.

jurisdiction-related facts presented by Defendants and Plaintiff. *Merlonghi v. United States,* 620 F.3d 50, 54 (1st Cir. 2010). Ultimately, because Plaintiff is the party invoking the court's jurisdiction, Plaintiff has the burden to establish that subject matter jurisdiction exists. *Skwira v. United States*, 344 F.3d 64, 71 (1st Cir. 2003).

As explained below, Plaintiff's allegations do not reasonably suggest a legitimate basis for this Court to exercise jurisdiction over Plaintiff's claims against Defendant Probation and Pretrial Services Office. Plaintiff's allegations regarding housing discrimination, however, arguably support the Court's exercise of jurisdiction over the claim against the Maine State Housing Authority. Plaintiff, however, does not state a claim of discrimination.

### A. Defendant U.S. Probation and Pretrial Services

Plaintiff's claim against Defendant Probation and Pretrial Services is evidently based on Plaintiff's belief that Defendant improperly or inappropriately sought to revoke Plaintiff's supervised release. This Court has subject matter jurisdiction over a civil claim[6] for damages against Defendant if the claim arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A potential basis for liability is *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), in which the Supreme Court held that a violation of the Fourth Amendment by an officer or agent of the United States "acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct." *Id.* at 389.

In addition, a plaintiff could potentially assert a claim under the Federal Tort Claims Act, which provides that the United States is liable "for personal injury ... caused by the negligent or

---

[6] Plaintiff refers to crimes committed by Defendants. However, individuals cannot bring charges under federal criminal statutes. *See Keenan v. McGrath*, 328 F.2d 610 (1st Cir. 1964); *accord Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989).

wrongful act or omission of any employee ... while acting within the scope of his office or employment, under circumstances where the United States ... would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

To the extent that Plaintiff's claim is construed as a constitutional claim arising under *Bivens*[7], and challenging the validity of the criminal judgment, the claim is subject to the jurisdictional bar established by the Supreme Court in *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that civil actions that allege "unconstitutional conviction or imprisonment, or … harm caused by actions whose unlawfulness would render a conviction or sentence invalid," are barred until such time as Plaintiff establishes "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid …, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486-87.[8]

Because conditions of release effectively place probationers "in custody" during their unexpired sentences, a civil claim related to the constitutionality of a particular condition of supervised release must satisfy the precondition articulated in *Heck*. *Williams v. Wisconsin*, 336 F.3d 576, 579-80 (7th Cir. 2003). Consequently, a civil claim alleging that revocation proceedings or the imposition of special conditions were the result of or were wrongly decided because of false

---

[7] Plaintiff's complaint does not name as a defendant, or even identify, an officer of Probation and Pretrial Services. Although the declarations submitted by the United States (ECF No. 13) could serve to identify potential defendants, Plaintiff's allegations do not include any factual content that could plausibly support an inference that a particular officer violated the United States Constitution or engaged in tortious conduct.

[8] The *Heck* rule arose in the context of a § 1983 claim challenging a state court conviction and sentence. However, the rule also applies to *Bivens* actions, *Swan v. Barbadoro*, 520 F.3d 24, 26 (1st Cir. 2008) (per curiam), and to tort claims alleging harm from actions that would call into question the validity of a conviction or sentence, *Erlin v. United States*, 364 F.3d 1127, 1130-31 (9th Cir. 2004) (holding that such a tort claim does not accrue until a plaintiff can satisfy the *Heck* bar); *Parris v. United States*, 45 F.3d 383, 385 (10th Cir.), *cert. denied*, 514 U.S. 1120 (1995); *Dare v. United States*, 264 Fed. App'x 183, 185 (3d Cir. 2008) (unpublished, per curiam); *Allamby v. United States*, 207 Fed. App'x 7, 8 (2d Cir. 2006) (unpublished).

testimony is also subject to the *Heck* bar.  *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam) (involving claim of false testimony during probation revocation proceedings); *Johnson v. Micolo*, No. 2:14-cv-00161, 2014 WL 4659328, at *2 (W.D. Mich. Sept. 17, 2014); *Pugh v. Wright*, No. 1:13-cv-07350, 2014 WL 639421, at *2 (E.D.N.Y. Feb. 14, 2014); *cf. Marlowe v. Fabian*, 676 F.3d 743, 745-47 (8th Cir. 2012) (involving delay in implementation of supervised release based on defendants' assessments related to the existence of suitable housing); *Parris v. United States*, 45 F.3d 383, 384 (10th Cir. 1995) (involving allegations that conviction was the product, in part, of false testimony by government witnesses).  The fact that a plaintiff is no longer in custody and may no longer have an available procedural means by which to challenge the revocation of her supervised release or the medication-related condition of her supervised release does not prevent application of the *Heck* bar.  *Figueroa v. Rivera*, 147 F.3d 77, 81-82 & n.3 (1st Cir. 1998); *White v. Gittens*, 121 F.3d 803, 806 (1st Cir. 1997) (citing *Heck*, 512 U.S. at 490 n.10 ("We think the principle barring collateral attacks … is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated.")).

In her complaint, Plaintiff attempts to attribute wrongful conduct to Probation and Pretrial Services.  While the precise nature of Defendant's alleged wrongdoing is unclear, one possible interpretation of the complaint is that Plaintiff has alleged a constitution-based challenge to the legitimacy of the revocation of her supervised release, the imposition of the medication-compliance condition, and her admission to psychiatric facilities in connection with her supervised release.  Because such claims concern the validity of the conviction or sentence, Plaintiff must satisfy the precondition established in *Heck*.  The record lacks any basis from which one could find or infer that the judgment imposing Plaintiff's special conditions of supervised release, the order of temporary limited release, or the order revoking her supervised release were overturned

on appeal, or otherwise invalidated. The Court thus lacks subject matter jurisdiction and should "proceed no further" to assess the merits of Plaintiff's claim. *White*, 121 F.3d at 806.[9]

To the extent that Plaintiff's claim is construed to assert a tort claim that is not governed by *Heck*, Plaintiff's claim also fails on jurisdictional grounds. The Federal Tort Claims Act (FTCA) is "a limited waiver of the federal government's sovereign immunity and grants federal courts jurisdiction over claims against the United States that fall within its ambit." *McCloskey v. Mueller*, 446 F.3d 262, 266 (1st Cir. 2006) (citation omitted). Such claims are

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).

For the Court to have jurisdiction over Plaintiff's tort claim, Plaintiff must first have "presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).[10] Section 2675(a)'s presentment requirement is satisfied if the claimant "provides a claim form or 'other written notification' which includes (1) sufficient information for the agency to investigate the claims, and (2) the amount of damages sought." *Santiago-Ramirez v. Sec'y of Dep't of Def.*, 984

---

[9] In any event, Plaintiff's conclusory allegations do not provide enough content to state a claim for which relief may be granted. Additionally, Plaintiff's action against Probation and Pretrial Services would fail to surmount additional FTCA hurdles associated with subject matter jurisdiction, including failure to present her tort claim administratively, before filing a civil action.

[10] *See also* 29 U.S.C. § 4901(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."). A claimant may elect to proceed with a civil action sooner if the agency fails to make a final disposition within six months. *Id.* § 2675(a).

F.2d 16, 19 (1st Cir. 1993).[11] Although in her form complaint, Plaintiff represented that she asserted an administrative claim, the uncontested record establishes otherwise. Through the Declaration of Laura E. Cress (ECF No. 13-1), the Declaration of Timothy Duff (ECF No. 13-2), and the Declaration of Karen-Lee Moody (ECF No. 13-3), Defendant asserts that Plaintiff did not present the United States Courts or Probation and Pretrial Services with an administrative claim related to the claims that she pursues in this action. Plaintiff has presented no evidence to the contrary. Because the record establishes that Plaintiff did not satisfy a necessary prerequisite to the commencement of a tort action, and because the requirement relates to the federal government's sovereign immunity, the Court is without jurisdiction to consider any tort claim and the matter must be dismissed. *Cormier v. U.S. Dep't of Labor*, 30 F.3d 126 (1st Cir. 1994) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *Snow v. U.S. Postal Serv.*, 778 F. Supp. 2d 102, 107 (D. Me. 2011).

### B. Defendant Maine State Housing Authority

Plaintiff's claim against Defendant Maine State Housing Authority is based on her dissatisfaction with housing arrangements provided to her in the past. Defendant Housing Authority has moved to dismiss Plaintiff's claim based on (a) the lack of subject matter jurisdiction, (b) Plaintiff's failure to state a claim, and (c) Plaintiff's commencement of this action outside the applicable statute of limitation. (Motion to Dismiss, ECF No. 15.)

In the Complaint, Plaintiff does not assert a basis for federal jurisdiction. In her response to the motion to dismiss, however, Plaintiff suggests that she is the victim of discrimination. A claim of housing discrimination could generate subject matter jurisdiction under various federal

---

[11] Ordinarily, claims are presented to an agency on the Department of Justice's Standard Form 95, 28 C.F.R. § 14.2. Such claims are required to include "a claim for money damages in a sum certain for [inter alia], personal injury". *Id.*

10

laws.[12] For example, such a claim might arise under Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, 12132, under the Rehabilitation Act, 29 U.S.C. §§ 701, 794, or under the Fair Housing Amendments Act, 42 U.S.C. § 3604(f). In addition, a claim of discrimination might warrant consideration under the civil rights statute, 42 U.S.C. § 1983, although as alleged, Plaintiff likely has not asserted a claim under section 1983.[13] Because a claim of housing discrimination is within the Court's jurisdiction, this Recommended Decision will assume, for purposes of this motion, the Court's jurisdiction. The Court thus will assess whether Plaintiff has stated a claim.[14]

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted." In its assessment of such a motion, a court must "assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)). To overcome the motion, a plaintiff must establish that her allegations raise a plausible basis for a fact finder to conclude that the defendant

---

[12] Defendant Housing Authority discusses the Maine Human Rights Act in its Motion to Dismiss. However, unless there is a federal claim that can support this Court's exercise of federal question jurisdiction (there is no evident basis for exercising diversity jurisdiction under 28 U.S.C. § 1332), this Court cannot exercise supplemental jurisdiction over a state law claim pursuant to 28 U.S.C. § 1367. To the extent this Recommended Decision discusses federal antidiscrimination law, it is assumed that the Maine Human Rights Act, 5 M.R.S. § 4552, would provide for analogous relief.

[13] Section 1983 provides a cause of action against "persons" acting under color of state law. The State of Maine and its agencies are not persons and cannot be sued under § 1983. *Brown v. Newberger*, 291 F.3d 89, 92 (1st Cir. 2002) (citing *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989)). Therefore, Plaintiff has failed to identify an appropriate defendant for purposes of § 1983. Additionally, remedies are generally not available under § 1983 where the underlying violation falls under, and can be remedied through, a comprehensive remedial scheme found in another federal statute. *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 521 (1990); *Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19-21 (1981).

[14] Defendant has not raised sovereign immunity under the Eleventh Amendment in its Motion to Dismiss. Therefore, this Recommended Decision does not address it.

is legally responsible for the claim at issue. *Id.* The standard requires, at a minimum, notice to the defendant of the bases of the claim, but does not necessitate a factual statement that establishes a prima facie case of discrimination. *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 65 (1st Cir. 2004).

In order to state a claim under Title II of the ADA, a plaintiff must allege: (1) that she is a qualified individual with a disability; (2) that she was excluded from participation in or denied the benefits of some public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination was by reason of her disability. *Buchanan v. Maine*, 469 F.3d 158, 170-71 (1st Cir. 2006) (employment); *see also McGary v. City of Portland,* 386 F.3d 1259, 1265 (9th Cir. 2004) (housing). A claim of housing discrimination under the Rehabilitation Act requires substantially similar allegations. *Duvall v. County of Kitsap,* 260 F.3d 1124, 1135 (9th Cir. 2001) (housing). Claims of discrimination based on a failure to accommodate, which might arise under the ADA, the Rehabilitation Act, and the FHAA, require allegations (1) that the plaintiff suffers from a handicap; (2) that the defendant knew or reasonably should have known of the handicap; (3) that a reasonable and necessary accommodation of the handicap was requested by the plaintiff to afford the plaintiff an equal opportunity to use and enjoy the housing in question; and (4) that the defendant refused to provide an accommodation. *Astralis Condo. Ass'n v. Sec'y, U.S. Dep't of Hous. & Urban Dev.*, 620 F.3d 62, 67 (1st Cir. 2010). *See also*, *e.g.*, *Nunes v. Mass. Dep't of Corr.*, 766 F.3d 136, 145 (1st Cir. 2014) (outlining the "several different types of claims of disability discrimination").

In her form complaint, Plaintiff alleges simply "2003 housing discrimination @ womens batter shelter." (PageID # 2.) In her supplemental filing (ECF No. 16), Plaintiff attempted to

provide additional detail, including reference to conduct or incidents that occurred over an extensive period of time (2003 to present), which involved a multitude of individual actors and vague allegations of moving "from town to town" and "unsafe conditions." (PageID # 56.) Importantly, Plaintiff asserts no facts that could reasonably be construed to state a discrimination claim. That is, although the plausibility standard in the context of a motion to dismiss is not high, it is not "entirely a toothless tiger." *Hernandez*, 367 F.3d at 67 (quoting *Dartmouth Review v. Dartmouth Coll.*, 889 F.2d 13, 16 (1st Cir. 1989)). At a minimum, "the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." *Id.* at 68. In short, even if the Court were to consider the additional allegations contained in Plaintiff's response to the motion to dismiss, one cannot reasonably construe Plaintiff's complaint to assert a discrimination claim.[15]

## CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court grant the Motion to Dismiss of Defendant Probation and Pretrial Services (ECF No. 13), and grant the Motion to Dismiss of Defendant Maine State Housing Authority (ECF No. 15).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[15] Plaintiff complains that someone at the Bridging Rental Assistance Program represented falsely that she "did not pay the deposit from Bingham Eviction." (PageID # 55.) The mere fact that there is a dispute over the payment or return of a security deposit is insufficient to state a claim of discrimination against the Housing Authority.

    Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                            /s/ John C. Nivison
                                            U.S. Magistrate Judge

Dated this 16th day of April, 2015